IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**THE GREEN PET SHOP ENTERPRISES, LLC,**

    Plaintiff

Case No.: 1:18-cv-4230

v.

**ARGENTO SC BY SICURA INC.,**

    Defendant.

## COMPLAINT

NOW COMES Plaintiff The Green Pet Shop Enterprises, LLC ("Green Pet Shop"), by and through its attorneys, for its Complaint against Defendant Argento SC By Sicura Inc. states as follows:

### NATURE OF THE ACTION

1. This is a civil action for infringement of United States Patent Nos. 8,720,218 (the "'218 Patent") and 9,226,474 (the "'474 Patent") (collectively, the "Green Pet Shop Patents").

### THE PARTIES

2. Plaintiff The Green Pet Shop Enterprises, LLC ("Green Pet Shop") is an Illinois limited liability company having a place of business at 770 Lake-

Cook Rd., Suite 120, Deerfield, Illinois 60015. Green Pet Shop manufactures and brings to market high quality, unique, and eco-friendly pet products.

3. On information and belief, Defendant Argento SC By Sicura Inc. ("Argento") is a New York business corporation having a principal place of business located at 1407 Broadway, Ste. 2201, New York, New York 10018.

## JURISDICTION

4. This action arises under the patent laws of the United States, e.g., 35 U.S.C. §§ 1 et seq., 271, 281, 283-285. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

## VENUE

5. Venue is proper in this Court under 28 U.S.C. §1400(b) because Argento is incorporated in the State of New York.

6. Defendant is subject to personal jurisdiction in this Court. In particular, this Court has personal jurisdiction over Defendant because it has engaged in continuous, systematic and substantial activities within this judicial district, including the marketing and sales of products in this judicial district. Furthermore, upon information and belief, this Court has personal jurisdiction over Defendant in this case because it has committed acts giving rise to Green Pet Shop's claims within and directed to this judicial district.

## FACTUAL BACKGROUND

### A. Patents In Suit

7. The '218 Patent is called "Pressure Activated Recharging Cooling Platform" and relates to cooling platforms for a variety of uses, including for pets. The inventor of the '218 Patent is Gerard E. Prendergast. The '218 Patent was filed on April 14, 2010. On May 13, 2014, the United States Patent and Trademark Office issued the '218 Patent.

8. The application leading to the '218 Patent was assigned to Green Pet Shop on February 9, 2012. Green Pet Shop is the lawful owner by assignment of all rights, title and interest in and to the '218 Patent and possesses all rights of recovery under the '218 Patent, and has standing to sue for infringement of the Green Pet Shop Patent. A true and correct copy of the '218 Patent is attached hereto as Exhibit 1.

9. The '218 Patent is valid and enforceable.

10. The '474 Patent is called "Pressure Activated Recharging Cooling Platform" and relates to cooling platforms for a variety of uses, including for pets. The inventor of the '474 Patent is Gerard E. Prendergast. The '474 Patent is a continuation of the '218 Patent and was filed on March 26, 2014. On January 5, 2016, the United States Patent and Trademark Office issued the 474 Patent.

11. The application leading to the '474 Patent was assigned to Green Pet Shop on February 9, 2012. Green Pet Shop is the lawful owner by assignment of all rights, title and interest in and to the '474 Patent and possesses all rights of recovery under the '474 Patent, and has standing to sue for infringement of the Green Pet Shop Patent. A true and correct copy of the '474 Patent is attached hereto as Exhibit 2.

12. The '474 Patent is valid and enforceable.

**B. Accused Product**

13. Argento makes, imports into the United States, offers for sale, sells, and/or uses in the United States pet products, including, without limitation, a pet bed such as the Avalanche Pet Cooling Mat ("Accused Product"). See Exhibit 3. Argento's infringement may include additional products, services and technologies (to be determined in discovery).

14. The Accused Product is covered by at least claims 15, 16, 18, and 19 of the '218 Patent and by claims 1, 4, 5, 11, and 16-21 of the '474 Patent.

**C. Notice of Infringement**

15. On July 28, 2017, counsel for Green Pet Shop notified Argento that its Accused Product infringed one or more claims of the '218 and '474 Patents. Attached hereto as Exhibit 4.

16. Argento has continued to manufacture, import and offer for sale the

Accused Product.

### D. Green Pet Shop Commercial Embodiment

17.     Green Pet Shop sells a product called "Cool Pet Pad." The Cool Pet Pad is covered by the '218 and '474 Patents. Green Pet Shop began marking its Cool Pet Pad product with one or both of its patent numbers no later than 2014.

### E. Prior Litigation

18.     Green Pet Shop has already litigated to judgment a patent infringement lawsuit against a seller of cooling pads for pets called Maze Innovations, Inc. (Case No. 15-cv-1138) in the Northern District of Illinois.

19.     During that lawsuit, Maze petitioned for an inter partes review based on the allegation that the Green Pet Shop Patents were invalid. The United States Patent and Trademark office rejected that petition and did not institute a review of the Green Pet Shop Patents.

20.     Also during that lawsuit, Maze argued a claim construction that that it believed would allow it to avoid a finding of infringement. The judge presiding over that case issued a claim construction decision that rejected Maze's attempted construction and adopted Green Pet Shop's proposed construction.

21.     After the rejection of its inter partes review petition and its proposed claim constructions, Maze settled that lawsuit and admitted that the Green Shop Patents were valid and infringed.

22. Before it filed this Complaint, Green Pet Shop informed Argento about the Maze lawsuit, including the information set forth in Paragraphs 17-20 above.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,720,218**

23. Green Pet Shop incorporates each of the preceding paragraphs as if fully set forth herein.

24. Argento has been and is now infringing, directly and indirectly by way of inducement, literally and/or under the doctrine of equivalence, the '218 Patent in this District and elsewhere by making, using, offering for sale, importing, and/or selling products that fall within the scope of at least one claim of the '218 Patent without license or authorization. Such acts constitute infringement under at least 35 U.S.C. § 271 (a) and (b).

25. Upon information and belief, Argento has been aware of the '218 Patent since at least approximately July 17, 2012, when the '218 Patent was first published by the United States Patent and Trademark Office, and again on July 28, 2017, when a notice of infringement was sent to Argento on behalf of Green Pet Shop. Argento denied infringement without a plausible basis for that denial. Argento's infringement has therefore been reckless, without objective basis, and willful.

26. Upon information and belief, Argento has also knowingly and intentionally actively aided, abetted and induced others to infringe (such as its customers) under 35 USC §271(b) by instructing these individuals to use the Accused

Product in a manner that would result in infringement of the Green Pet Shop Patent claims at issue.

27. As a direct and proximate consequence of the infringement, Green Pet Shop has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 adequate to compensate for such infringement, but in no event less than a reasonable royalty.

28. Green Pet Shop is entitled to recover from Argento the damages sustained by Green Pet Shop as a result of Argento's wrongful acts in an amount subject to proof at trial.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 9,226,474

29. Green Pet Shop incorporates each of the preceding paragraphs as if fully set forth herein.

30. Argento has been and is now infringing, directly and indirectly by way of inducement, literally and/or under the doctrine of equivalence, the '474 Patent in this District and elsewhere by making, using, offering for sale, importing, and/or selling products that fall within the scope of at least one claim of the '474 Patent without license or authorization. Such acts constitute infringement under at least 35 U.S.C. § 271 (a) and (b).

31. Upon information and belief, Argento has been aware of the '474 Patent since at least approximately January 5, 2016, when the '474 Patent was first published by the United States Patent and Trademark Office, and again on July 28, 2017, when a notice of infringement was sent to Argento on behalf of Green Pet Shop. Argento denied infringement without a plausible basis for that denial. Argento's infringement has therefore been reckless, without objective basis, and willful.

32. Upon information and belief, Argento has also knowingly and intentionally actively aided, abetted and induced others to infringe (such as its customers) under 35 USC §271(b) by instructing these individuals to use the Accused Product in a manner that would result in infringement of the Green Pet Shop Patent claims at issue.

33. As a direct and proximate consequence of the infringement, Green Pet Shop has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 adequate to compensate for such infringement, but in no event less than a reasonable royalty.

34. Green Pet Shop is entitled to recover from Argento the damages sustained by Green Pet Shop as a result of Argento's wrongful acts in an amount

subject to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Green Pet Shop asks this Court to enter judgment against Argento and against its respective subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A. An adjudication that Argento has infringed one or more of the claims of the '218 and '474 Patents.

B. The ascertainment of and award to Green Pet Shop of actual and treble damages from the infringement of one or more claims of the '218 and '474 Patents, together with prejudgment and post-judgment interest pursuant to 35 U.S.C. § 284.

C. A finding that this case is exceptional and the award of reasonable attorneys' fees, costs, and expenses in this action to Green Pet Shop, pursuant to 35 U.S.C. § 285.

D. The issuance of a preliminary and/or permanent injunction prohibiting further infringement, inducement and contributory infringement of the Green Pet Shop Patent pursuant to 35 U.S.C. § 283.

E. An order requiring that Argento account for all gains, profits, and advantages derived by its infringement of the '218 and '474 Patents in violation of 35 U.S.C. § 271, and that Argento pay to Green Pet Shop all damages suffered by Green.

F. Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Green Pet Shop demands a trial by jury on all issues so triable.

Dated:  May 11, 2018

**KENNETH M. BERNSTEIN, ESQ.**

By: /s/ Kenneth M. Bernstein
Kenneth M. Bernstein
68 Main Street
Irvington, New York 10533
Telephone:  (914) 231-7556
Email: kbernstein@kbsernstein.com


**CARLSON, GASKEY & OLDS, P.C.**

By: /s/ Steven Susser
Steven Susser
Carlson Gaskey & Olds, P.C.
400 W. Maple, Suite 350
Birmingham, Michigan  48009
Telephone:  (248) 988-8360
Email: ssusser@cgolaw.com

*Attorneys for The Green Pet Shop Enterprises, LLC*